■ PETTINELLI ELECTRIC Co., INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. [641 NYS2d 535] —Order, Supreme Court, New York County (Walter Schackman, J.), entered April 5, 1995, which denied plaintiff's motion

to renew and/or reargue a decision and order dated December 30, 1994, granting defendant's motion for partial summary judgment in this contract claim for disputed work, change orders, protest work and delay damages; and order of the same court and Justice entered May 24, 1995, which granted defendant's motion for renewal and, upon renewal, granted defendant partial summary judgment, dismissing claims for $102,126.43 of the amount sought in the first cause of action and $49,461 of the amount sought in the second cause of action, and the entire third cause of action, unanimously affirmed, without costs.

The court did not err in granting partial summary judgment. The motion, supported by an affirmation of defendant's attorney and adequate documentary evidence, was legally sufficient (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 325). Nor was defendant required to plead plaintiff's non-compliance with Article 56 of the contract as an affirmative defense, as the answer itself specifically set forth a denial of plaintiff's compliance with the contract conditions with particularity (*see,* CPLR 3015).

The court also properly granted partial summary judgment dismissing plaintiff's claims for extra and protest work as plaintiff had failed to comply with the specified notification requirements of Articles 56 and 65 of the contract (*see, Smith Elec. Contrs. v City of New York*, 181 AD2d 542). Further, the exculpatory language of Articles 15 and 16 of the contract barred the delay claims (*see, Orlando Contr. Corp. v City of New York*, 222 AD2d 244), and the court properly found no evidence of bad faith or gross negligence which would trigger exceptions from the protection of the exculpatory language (*see, Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297). Nor did the court err in refusing to consider the untimely affidavit of plaintiff's president since the excuses for failure to timely submit it were unacceptable. Concur—Murphy, P. J., Sullivan, Rosenberger, Rubin and Nardelli, JJ.